UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

GERALD R. GALLESHAW,            Chapter 7
                                                    Case No: 15-11047

     Debtor

## MOTION FOR RELIEF FROM STAY

To the Honorable Diane Finkle:

John Baldino, by his undersigned attorney, moves for relief from the automatic stay to permit him to liquidate in state court his personal injury claim against the debtor. As grounds therefor, the movant alleges as follows:

1. On May 18, 2015, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

2. On May 31, 2011, a date prior to the filing of the bankruptcy petition, the debtor negligently operated his motor vehicle so that it collided with the movant's motor vehicle. As a result, the movant suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and the movant will suffer losses in the future. The movant's automobile was damaged and he lost the use of it during the period for its repair or replacement.

3. As a consequence, the movant is a creditor of the bankruptcy estate, although the movant's claim is unliquidated.

4. At the time of the accident, the debtor maintained a policy of insurance that contains coverage for bodily injury liability and property damage liability.

5. The movant desires to continue prosecuting a pending civil action against the debtor in Providence Superior Court C.A. No.: 13-5430, entitled *John Baldino v. Gerald Galleshaw, Glenda Ricci and Ernst Ricci* for the purpose of liquidating his claim. If the debtor obtains a recovery or judgment against the debtor, the movant will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery of judgment against the debtor, property of the debtor, or property of the estate.

6. The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit the movant to take those steps described in the preceding paragraph.

WHEREFORE, the movant prays that the Court will grant his motion and modify the automatic stay in the manner requested.

*Within fourteen (14) days after service, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank P. 9006(f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, Rhode Island 02903, (401-626-3100). If no objection is filed or other response is timely filed, the paper will be deemed unopposed and will be granted, unless (1) the requested relief is forbidden by law; or (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires otherwise.*

        Respectfully submitted, John Baldino,
        By his Attorney,

        /s/ Edward J. Gomes
        Edward J. Gomes, Esq.
        91 Friendship Street, Suite # 3
        Providence, RI 02903
        401-521-5170 Telephone
        401-421-0876 Facsimile
        attyejg@yahoo.com

Dated: August 31, 2015